**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000829
21-AUG-2014
08:15 AM**

NO. CAAP-14-0000829

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CONTINENTAL PACIFIC, LLC, Plaintiff-Appellee, v.
ROBERT TROTTER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1RC13-1-7185)

ORDER GRANTING THE JUNE 10, 2014 MOTION TO DISMISS APPEAL
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Upon consideration of the June 10, 2014 "Plaintiff-Appellee Continental Pacific, LLC's Motion to Dismiss Appeal" and the papers in support (**Motion to Dismiss**) by Plaintiff-Appellee Continental Pacific, LLC (**Continental Pacific**), the July 22, 2014 "Opposition to Motion to Dismiss Appeal"[1] (**Opposition**) by

---

[1] On June 26, 2014, Trotter filed a "Motion for Extension of Time to Respond to [the Motion to Dismiss]" (**Motion for Extension**). Noting that the Motion for Extension was untimely and failed to provide good cause to excuse the untimeliness or explain why the motion could not have been filed earlier, this court nevertheless granted it in part, giving Trotter until July 7, 2014 to file a response limited to certain issues. On July 10, 2014, Trotter untimely moved for a second extension to file a response to the Motion to Dismiss, which we granted in part, extending the deadline to July 22, 2014.
(continued...)

Defendant-Appellant Robert Trotter (**Trotter**), and the files and record herein,[2] the Motion to Dismiss is granted.

On May 15, 2014, Trotter filed a Notice of Appeal, through which he appeals from the April 23, 2014 Judgment for Possession and Writ of Possession, and also challenges the following, all filed in the District Court of the First Circuit (**district court**):

A.  April 16, 2014 Memorandum of Decision and Order.

B.  February 24, 2014 order denying Trotter's motion for continuance to file closing arguments.

C.  March 4, 2014 order denying Trotter's motion to disqualify District Court Judge Melanie G. May.

D.  December 4, 2013 oral denial of Trotter's motion to dismiss the complaint based on the failure of one of Continental Pacific's witnesses to appear.

Although the Judgment for Possession did not resolve all the claims in the underlying case, the Hawaiʻi Supreme Court has recognized an exception to the finality requirement under the Forgay doctrine. See Forgay v. Conrad, 47 U.S. 201 (1848); Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995). Under the Forgay doctrine, "[w]e have jurisdiction to consider appeals from judgments which 'require immediate execution of a command that property be delivered to the appellant's adversary,

---

[1](...continued)
On July 22, 2014, Trotter filed the Opposition.

[2]    We note that Continental Pacific filed a reply to Trotter's Opposition on August 6, 2014. However, Hawaiʻi Rules of Appellate Procedure Rule 27 does not authorize a reply, and Continental Pacific did not seek permission of this court to file a reply. We therefore will not consider Continental Pacific's reply in deciding the Motion to Dismiss.

-2-

and the losing party would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation.'" Ciesla, 78 Hawai'i at 20, 889 P.2d at 704 (citation and brackets omitted). For this appeal, however, we conclude that the appeal must be dismissed because it is moot.

In Hamilton ex rel. Lethem v. Lethem, 119 Haw. 1, 5, 193 P.3d 839, 843 (2008), the Hawai'i Supreme Court stated:

> It is well-settled that:
>
>> The mootness doctrine is said to encompass the circumstances that destroy the justiciability of a suit previously suitable for determination. Put another way, the suit must remain alive throughout the course of litigation to the moment of final appellate disposition. Its chief purpose is to assure that the adversary system, once set in operation, remains properly fueled. The doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised.
>
> *Lathrop*[ *v. Sakatani*, 111 Hawai'i 307, at 312–13, 141 P.3d 480, at 485–86 (2008)] (citations omitted) (format altered); *see also In re Doe Children*, 105 Hawai'i 38, 57, 93 P.3d 1145, 1164 (2004) (stating that "the two conditions for justiciability relevant on appeal [are] adverse interest and effective remedy").

"A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law." Kona Old Hawaiian Trails Grp. v. Lyman, 69 Haw. 81, 87, 734 P.2d 161, 165 (1987) (internal quotation marks, brackets, and citation omitted). Further, "a case is moot if the reviewing court can no longer grant effective relief." Kaho'ohanohano v. State, 114 Hawai'i 302, 332, 162 P.3d 696, 726 (2007) (internal quotation marks, brackets, emphasis, citation, and block quotation format omitted).

In this case, Trotter entered into an agreement with Continental Pacific (**Agreement to Vacate**), in which he agreed to vacate the subject property (**Property**) in exchange for Continental Pacific's agreement to forgo seeking attorney's fees and costs for the summary possession proceeding. As a condition of the Agreement to Vacate, Trotter surrendered possession of the Property to Continental Pacific, which has possessed it since that time. Trotter argues in his Opposition that the Agreement to Vacate was subsequently invalidated by Continental Pacific's breach of a separate agreement giving Trotter thirty days from May 15, 2014 to remove a structure on the Property.

Regardless of the Agreement to Vacate's validity, there is no dispute that Trotter vacated the Property and, accordingly, the writ of possession was not executed. "The termination of possession without execution of a writ of possession moots all questions about the validity of the order authorizing the issuance of the writ of possession and the writ itself." Crown Properties, Inc. v. Financial Security Life Insurance Co., Ltd., 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985).

Further, the appeal is moot because the lease terminated, and Trotter has not demonstrated an entitlement to regain possession based on the lease, even if this court were to vacate the Judgment for Possession. See Exit Co Ltd. P'ship v. Airlines Capital Corp., Inc., 7 Haw. App. 363, 366, 766 P.2d 129, 131 (1988) (determining in a summary possession case that an appeal from a judgment for possession is moot where the appellant legally cannot regain possession of the subject premises, i.e.,

-4-

the Lease is "not subject to renewal or extension," should the judgment for possession be vacated by the appellate court).

IT IS HEREBY ORDERED THAT the Motion to Dismiss is granted. The appeal in No. CAAP-14-0000829 is dismissed.

DATED: Honolulu, Hawai'i, August 21, 2014.

Chief Judge

Associate Judge

Associate Judge